IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEALED AIR CORPORATION (US), | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-1502 (JFF) |
| INTELLIPACK, INC., | : |
| Defendant. | : |

## CONSENT JUDGMENT

On the agreement and consent of the plaintiff Sealed Air Corporation (US) (hereafter "Sealed Air") and the defendant IntelliPack, Inc. (hereafter "IntelliPack"), all parties having agreed to the terms and conditions of this Consent Judgment and to the entry of this Final Judgment on Consent, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Plaintiff Sealed Air Corporation (US) is the owner of all right, title and interest in and to United States Patent Nos. 4,800,708 ("the '708 patent"); 5,186,905 ("the '905 patent"); 5,145,069 ("the '069 patent"); and 5,022,217 ("the '217 patent").

3. The parties agree for this judgment that the '708 patent, '905 patent, '069 patent and claims 1-11 of the '217 patent are each valid and enforceable in all respects.

4. The defendant IntelliPack by making, using, offering for sale and selling its SmartBAGGER and dispenser for its foam-in-bag and foam-in-place systems before the modifications set forth in paragraphs 6, 8, 11 and 12 infringed each of the '708, '905, and '069 patents and claims 1-11 of the '217 patents.

5.  Defendant IntelliPack, Inc., and all its officers, agents and employees, and all persons acting in concert or participation with any of the foregoing, are enjoined from manufacturing, distributing, placing, offering for sale, selling, using, renting or leasing its SmartBAGGER foam-in-bag system prior to the inclusion and use of the vent cutting feature set forth in paragraph 6, or any other foam-in-bag system that forms foam cushions for packaging purposes by the combination of heat sealing along a longitudinal side edge of webs of film or a folded film in which the heat sealing is periodically and momentarily interrupted to create an unsealed longitudinal edge portion that acts as an opening or a vent, and heat sealing each successive bag at the top and severing the bag from the next succeeding bag, as claimed in United States Patent No. 4,800,708, or that otherwise infringes any claim of the '708 patent, until the '708 patent expires or has been canceled or for any claims that are disclaimed or if the '708 patent has been declared invalid or unenforceable by a court of competent jurisdiction from which no further appeal is available. The injunction language has been agreed to by the parties as a construction of the claims including equivalents of the '708 patent, and is not intended to be broader in scope than the broadest claim of the '708 patent, including any claim that may result from reexamination or reissue.

6.  It is agreed between the parties and therefore ordered by the Court that IntelliPack's SmartBAGGER system modified so the longitudinal side edges of the webs of film or a folded film are joined or heat sealed continuously along the length of the bag without interruption, and vents are provided only by a mechanism which cuts openings in the bag does not and will not infringe U.S. Patent No. 4,800,708 or violate the provisions of the injunction in paragraph 5.

7.  Defendant IntelliPack, Inc., and all its officers, agents and employees, and all persons acting in concert or participation with any of the foregoing, are enjoined from manufacturing, distributing, placing, offering for sale, selling, using, renting or leasing the injection cartridge used in its SmartBAGGER system and in its foam-in-place system prior to the modifications to the inner port insert set forth in paragraph 8, or any other injection cartridge used to dispense polymeric foam precursors in a foam-in-place system that has in combination (a) a housing with an inner surface defining a cylindrical mixing chamber with a curved inner surface, (b) an entry port assembly positioned within the housing substantially perpendicular to the axis of the housing, (c) an entry opening in the housing extending through the housing and forming a path of fluid communication through the housing to the mixing chamber, and (d) an entry fitting positioned in the entry opening having either (1) a front portion adjacent the cylindrical mixing chamber and the end of the front portion having a curved face that substantially matches and aligns with the curved inner surface of the cylindrical mixing chamber, or (2) a rear portion adjacent the outer surface of the housing and such rear portion forming a cylindrical arc that is convex with respect to the cylindrical body of the entry fitting, with the center of the convex arc being perpendicular to the axis of the cylindrical body, as claimed in United States Patent No. 5,186,905, or that otherwise infringes any claim of the '905 patent, until the '905 patent expires or has been canceled or for any claims that are disclaimed or if the '905 patent has been declared invalid or unenforceable by a court of competent jurisdiction from which no further appeal is available. The injunction language has been agreed to by the parties as a construction of the claims including equivalents of the '905 patent, and is not

intended to be broader in scope than the broadest claim of the '905 patent, including any claim that may result from reexamination or reissue.

8.  It is agreed between the parties and therefore ordered by the Court that IntelliPack's dispenser for its foam-in-place and foam-in-bag systems modified to have an entry fitting on which (a) the end of the front portion has a flat face which does not substantially match the curved inner surface of the cylindrical mixing chamber and (b) the rear portion also has a flat surface which is not in a convex arc with respect to the body of the inlet entry fitting, will not infringe the claims of United States Patent No. 5,186,905 and will not violate the provisions of the injunction in paragraph 7.

9.  Defendant IntelliPack, Inc., and all its officers, agents and employees, and all persons acting in concert or participation with any of the foregoing, are enjoined from manufacturing, distributing, placing, offering for sale, selling, using, renting or leasing its SmartBAGGER system with software capable of creating, or any other foam-in-place or foam-in-bag apparatus or equipment capable of creating, packaging material that has a bolster for holding and protecting a packaged product comprising a support strip of flexible base material of elongated shape and of indefinite length shaped and cut to the dimension required at the packaging site and (a) the base material of which includes (i) at least two spacer elements at predetermined positions to space apart a product to be packaged at the packaging site, and (ii) two films welded together in such a way as to provide at least two hollow linear portions filled with a swelling agent to form cushions or bulges of elongated shape comprising the at least two spacer elements, and (b) the cushions or bulges being separated by flat parts of the base material adapted to act as hinges, permitting the bolster to largely surround the product to be

packaged, as claimed in U.S. Patent No. 5,145,069, or otherwise infringing any claim of the '069 patent, until the '069 patent expires or has been canceled or for claims that are disclaimed or if the '069 patent has been declared invalid or unenforceable by a court of competent jurisdiction from which no further appeal is available. The injunction language has been agreed to by the parties as a construction of the claims including equivalents of the '069 patent, and is not intended to be broader in scope than the broadest claim of the '069 patent, including any claim that may result from reexamination or reissue.

10. Defendant IntelliPack, Inc., and all its officers, agents and employees, and all persons acting in concert or participation with any of the foregoing, are enjoined from using or inducing others to use a method for packaging at least one product in a container with bolstering means being interposed between the container and the product comprising, producing the bolstering means at least in part "on demand" at the packaging site in a continuous manner in the form of a support strip of indefinite length, wherein the strip is formed of two films or a folded film, injecting a swelling agent between the two film sheets and welding the sheets progressively in the course of the travel of the film material past the station of manufacture of the bolster, interposing the bolstering means between the container and the product, and inserting the product into the container to effect the interposition of the bolstering means between the internal walls of the container and the packaged product, as claimed in U.S. Patent No. 5,022,217, or otherwise infringing any of claims 1-11 of the '217 patent, until the '217 patent expires or has been canceled or for any of claims 1-11 that are disclaimed or if the '217 patent has been declared invalid or unenforceable by a court of competent jurisdiction from which no further appeal is available. The injunction language has been agreed to by the parties as a construction of claims

1-11 including equivalents of the '217 patent, and is not intended to be broader in scope than the broadest of claims 1-11 of the '217 patent, including any claim that may result from reexamination or reissue.

11. It is agreed between the parties and therefore ordered by the Court that if IntelliPack removes or revises the software for its foam-in-bag systems so the system is not capable of producing packaging material comprising a strip of flexible base material of indefinite length, shaped and cut to the dimension required at the packaging site and having at least two spaced apart cushions or bulges of elongated shape filled with a swelling agent and separated by flat parts of the base material adapted to act as hinges and permitting the bolster to largely surround the product to be packaged, such foam-in-bag systems will not infringe U.S. Patent No. 5,145,069 and will not violate the provisions of the injunction in paragraph 9.

12. It is agreed between the parties and therefore ordered by the Court that if IntelliPack removes or revises the software for its foam-in-bag systems so that the system is not capable of being used to practice a method for packaging a product in a container with a bolstering means produced at least in part "on demand" at the packaging site in a continuous manner in the form of a support strip of indefinite length in which the strip is formed of two films or a folded film with a swelling agent injected between the two film sheets welded together in the course of travel past the station of manufacture of the bolster and in which method the bolstering means is interposed between the container and the product and the product is inserted into the container to effect an imposition of the bolstering means between the internal walls of the container and the packaged product, such foam-in-bag systems of IntelliPack will not infringe claims 1-11 of U.S. Patent No. 5,022,217, and will not violate the provisions of the

injunction in paragraph 10. IntelliPack's use of a method of producing separate foam bags that have only one bolster or cushion are not "a support strip of indefinite length" and do not infringe any of claims 1-11 of the '217 patent.

13. As of the date of this order, all additional foam-in-place and foam-in-bag systems of IntelliPack which are made, leased, distributed, offered for sale or sold shall comply with the terms of this injunction set forth in paragraphs 5-12.

14. IntelliPack shall have until April 30, 2005 to retrofit or modify any SmartBAGGER systems already in the market to bring them into compliance with the terms of this judgment.

15. This judgment is intended by the parties to provide a final resolution of the validity of the patents-in-suit, such that in any later litigation between the parties that involves an assertion of any of the patents-in-suit against any product or method by IntelliPack, this judgment will be both *res judicata* (claim preclusion) and *collateral estoppel* (issue preclusion) and will bar any defense or claim that any of the patents-in-suit (excluding claims 12-17 of the '217 patent) are invalid or unenforceable on any basis. The parties agree that in any contempt proceeding, IntelliPack cannot contest validity of any of the patents-in-suit (excluding claims 12-17 of the '217 patent) or whether its products and methods set forth in this judgment infringe the patents-in-suit (excluding claims 12-17 of the '217 patent). Intellipack shall not be precluded, however, from demonstrating that its products and methods at issue in such a contempt proceeding are not within the prohibitions or are within the permitted definitions set forth in this judgment or that Intellipack has a license for the patents-in-suit.

16. The parties consent to the Court retaining jurisdiction of this matter to enforce the terms of this judgment.

17. IntelliPack's successors-in-interest or assigns of either its foam-in-place or foam-in-bag business are bound by the terms of the Consent Judgment and will be assigned IntelliPack's rights to enforce the Consent Judgment. Sealed Air's successors-in-interest or assigns of patents-in-suit are bound to the terms of the Consent Judgment and will be assigned Sealed Air's rights to enforce the Consent Judgment for the patents-in-suit assigned.

18. The parties shall pay their own costs, including attorney's fees.

19. The parties waive their right to appeal this judgment.

SO AGREED:

SEALED AIR CORPORATION (US)

Dated: March 29, 2005    By: _____
                             John W. Shaw (No. 3362)
                             Glenn C. Mandalas (No. 4432)
                             YOUNG CONAWAY STARGATT
                              & TAYLOR, LLP
                             The Brandywine Building
                             1000 West Street, 17th Floor
                             Wilmington, DE 19899-0391
                             Tel:   302.571.6600
                             Fax:   302.571.1253

OF COUNSEL:
    Charles P. Kennedy
    LERNER, DAVID, LITTENBERG,
     KRUMHOLZ & MENTLIK, LLP
    600 South Avenue West
    Westfield, NJ 07090-1497
    Tel:   908.654.5000
    Fax:   908.654.7866

INTELLIPACK, INC.

Dated: March 29th, 2005

By: _____
Stamatios Stamoulis   #4606
FISH & RICHARDSON P.C.
919 N. Market St., Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel:    302.652.5070

OF COUNSEL:
Dale Lischer
SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309-3592
Tel:    404.815.3500
Fax:   404.815.3509

SO ORDERED

Dated: March 30, 2005
Wilmington, DE

_____
The Hon. Joseph J. Farnan, Jr.
United States District Judge

#550648

Consent Judgment NEWEST w. Changes (3-15-05).DOC          9